# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MARC NORFLEET,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) CIVIL NO. 09-cv-347-JPG |
| | ) |
| **ROGER E. WALKER, JR., et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Marc Norfleet, an inmate in the Lawrence Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Norfleet states that prior to his incarceration, he was diagnosed with a severe back impairment and radiculopathy, for which he was receiving disability benefits. He was incarcerated in the Lawrence Correctional Center from December 18, 2006, through August 27, 2007, and again from August 15, 2008, through the filing of this action. The eleven claims presented in this action arise out of his time spent in that facility.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is [portions of this action are] subject to summary dismissal.

## COUNT 1

Norfleet first alleges that at Lawrence, he does not have regular access to a day room for social activities such as card games and television. Apparently the day room areas outside the cells at Lawrence are not equipped with tables, in contrast to other institutions of the same security level. He claims that such deficiencies subject him to cruel and unusual punishment, in violation of the Eighth Amendment.

In a case involving conditions of confinement in a prison, two elements are required to establish violations of the Eighth Amendment's cruel and unusual punishments clause. First, an objective element requires a showing that the conditions deny the inmate "the minimal civilized measure of life's necessities," creating an excessive risk to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The second requirement is a subjective element – establishing a defendant's culpable state of mind. *Id.*

In this claim, Norfleet blames Defendants Walker, Benton, McNeil, Funk, Ryker, Moran, and Griffin for this deficiency, but he makes no allegations regarding specific actions or inactions taken by any of these individuals connected to the furnishing of the day rooms. Moreover, the Court is unaware of any constitutional requirement that a prison day room be furnished with tables,

card games, or television. Thus, Norfleet has failed to state a claim upon which relief may be granted, and Count 1 will be dismissed from this action with prejudice.

**COUNT 2**

Norfleet asserts that on two occasions during his first stay at Lawrence, the institution was on lockdown for approximately one month. He claims that Defendants Walker, Benton, McNeil, Funk, Ryker, Moran, Gaetz, Henton, Goins, Purdue, Clark, Griffin, Vaughn and Bledsoe were responsible for these lockdowns, but he makes no allegations regarding specific actions or inactions taken by any of these individuals.

During those two lockdowns, he was confined to his cell and allowed only one 10-minute shower per week. As a result of his disability, which confines him to a wheel chair, Norfleet developed a rash on his back. When he complained about his rash, he was given medical treatment, including "an unlimited supply of rash medication."

The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825 (1994). This encompasses a broader range of conduct than intentional denial of necessary medical treatment, but it stops short of "negligen[ce] in diagnosing or treating a medical condition." *Estelle,* 429 U.S. at 106. *See also Edwards v. Snyder*, 478 F.3d 827, 830-31 (7th Cir. 2007); *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). From the allegations in the complaint, it is clear that Norfleet received medical care for his rashes. Thus, he has failed to state a viable claim with regard to his medical treatment.

Norfleet also alleges that during these lockdowns, he occasionally received food trays with inadequate servings of food.

To establish a violation of the Eighth Amendment, a prisoner must prove two elements: (1) the deprivation alleged is sufficiently serious such that it resulted in the "denial of the minimal civilized measure of life's necessities" and (2) prison officials knew of a substantial risk to the prisoner but failed to take reasonable steps to prevent the harm from occurring. *Henderson v. Sheahan*, 196 F.3d 839, 845 (7th Cir. 1999) (*quoting Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). In some circumstances, a prisoner's claim that he was denied food may satisfy the first element but, as the Seventh Circuit has held, the denial of food is not a *per se* violation of the Eighth Amendment. Rather, a district court "must assess the amount and duration of the deprivation." *Reed v. McBride*, 178 F.3d 849, 853 (7th Cir. 1999). *See generally Wilson v. Seiter*, 501 U.S. 294, 304 (1991) ( it would be an Eighth Amendment violation to deny a prisoner of an "identifiable human need such as food"); *Sanville v. McCaughtry*, 266 F.3d 724, 734 (7th Cir. 2001) (withholding food from an inmate can, in some circumstances, satisfy the first *Farmer* prong); *Talib v. Gilley*, 138 F.3d 211, 214 n. 3 (5th Cir. 1998) (noting that denial of one out of every nine meals is not a constitutional violation; *Cooper v. Sheriff of Lubbock County*, 929 F.2d 1078 (5th Cir. 1991) (failure to feed a prisoner for twelve days unconstitutional); *Cunningham v. Jones*, 567 F.2d 653, 669 (6th Cir. 1977), *app. after remand*, 667 F.2d 565 (1982) (feeding inmates only once a day for 15 days, would constitute cruel and unusual punishment only if it "deprive[s] the prisoners concerned . . . of sufficient food to maintain normal health."); *Robbins v. South*, 595 F.Supp. 785, 789 (D.Mont. 1984) (requiring inmate to eat his meals in less than 15 minutes does not amount to cruel and unusual punishment).

In this case, Norfleet does not allege that he missed any meals. Rather, he is upset because on occasion, his portions were meager, but he was does not allege harm to his health; his claims

therefore do not rise to the level of a constitutional violation. In sum, he has failed to state a claim upon which relief may be granted and, accordingly, Count 2 will be dismissed from this action with prejudice.

**COUNT 3 AND COUNT 4**

In Count 3, Norfleet asserts that Defendants Walker, Benton, Ryker, Moran, Boyd, Loftin, Griffin, and Vaughn are aware that he is confined to a wheelchair. Despite this knowledge, he alleges that they have failed to operate Lawrence CC in compliance with the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq*. He specifically alleges that they have failed to provide him with an attendant to assist him with daily activities such as opening doors, carrying his food tray, carrying his shower supplies, or assisting him with movement about the institution.

In Count 4, Norfleet alleges that he is not provided with meaningful ADA-certified recreational equipment. He believes that Defendants Walker, Ryker, Boyd, McNeill, Funk, Moran, Brown, Vaughn, Bledsoe and Campanella are responsible for this deprivation, but he makes specific allegations only with regard to two of them. He alleges, first, that Campanella believes that the law required only that an inmate be allowed outside his cell for one hour per day, and that the one hour need not be purely recreational. He then states that Moran says that the time Norfleet leaves his cell to attend chow twice daily is sufficient to be in compliance with the recreation law.

The Supreme Court has held that the ADA applies to prisons. *See Pennsylvania Department of Corrections v. Yeskey,* 524 U.S. 206 (1998). However, the Seventh Circuit has held that private claims for damages under the ADA must be raised in state court, not in federal court. *Erickson v. Board of Governors for Northeastern Illinois University,* 207 F.3d 945 (7th Cir. 2000). *See also Stanley v. Litscher*, 213 F.3d 340 (7th Cir. 2000); *Stevens v. Illinois Department of Transportation,*

210 F.3d 732 (7th Cir. 2000). Therefore, Norfleet's claims for damages in Count 3 and Count 4 are dismissed without prejudice to his pursuing those claims in state court.

Conversely, an inmate may sue state officials in their official capacity for prospective injunctive relief under Title II of the ADA. *See Brueggeman ex rel. Brueggeman v. Blagojevich*, 324 F.3d 906, 912 (7th Cir. 2003). In this case, that is exactly the type of relief that Norfleet seeks, and the Court is unable to dismiss Count 3 or Count 4 at this time.

## COUNT 5

In this claim, Norfleet alleges that Defendants Walker, Benton, Ryker, Moran, Griffin, Vaughn, Bader and Rohr have deprived him of 34 cents for each day that Lawrence CC was on lockdown status. He further alleges that he was deprived of that same amount of money for each day that he was in disciplinary segregation.

The only constitutional right that might be implicated by these facts is his right, under the Fourteenth Amendment, to be free from deprivations of his property by state actors without due process of law. To state a claim under the due process clause of the Fourteenth Amendment, plaintiff must establish a deprivation of liberty or property *without due process of law*; if the state provides an adequate remedy, plaintiff has no civil rights claim. *Hudson v. Palmer*, 468 U.S. 517, 530-36 (1984) (availability of damages remedy in state claims court is an adequate, post-deprivation remedy). The Seventh Circuit has found that Illinois provides an adequate post-deprivation remedy in an action for damages in the Illinois Court of Claims. *Murdock v. Washington*, 193 F.3d 510, 513 (7th Cir. 1999); *Stewart v. McGinnis*, 5 F.3d 1031, 1036 (7th Cir. 1993); 705 ILCS 505/8 (1995). Accordingly, Norfleet has no claim under Section 1983 for alleged deprivations of these funds. Thus, he has failed to state a claim upon which relief may be granted, and Count 5 will be dismissed

from this action with prejudice.

**COUNT 6**

Norfleet states that Defendants Walker, Benton, Ryker, Moran, Medsker and Vaughn are aware that he needs to use the copy machine in the prison law library to make copies of legal documents, pleadings, and the like.  Despite this knowledge, he alleges that they require him to sign a money voucher authorizing them to debit his account for these copies.

"A right to petition for redress of grievances does not imply a right to free writing paper and stamps."  *Johnson v. Daley*, 339 F.3d 582, 586 (7th Cir. 2003).  *See also Lewis v. Sullivan*, 279 F.3d 526, 528 (7th Cir. 2002) ("[T]here is no constitutional entitlement to subsidy.").  Therefore, this claim is without merit, and Count 6 will be dismissed from this action with prejudice.

**COUNT 7**

Norfleet's next claim involves use of the prison typewriter.  He states that Defendants Walker, Benton, Ryker and Moran only allow use of the one law library typewriter for those preparing requests for executive clemency.  Thus, Norfleet states that he was compelled to spend almost $300 on his own typewriter, as well as additional funds for typewriter ribbons, believing that courts would only accept type-written pleadings.

Norfleet's belief is misplaced; this Court does not reject pro se filings that are hand-written.  In addition, Norfleet does not have a constitutional right to use the prison typewriter, and his choice to purchase his own was just that – *his* choice.  Accordingly, he has failed to state a claim upon which relief may be granted, and Count 7 will be dismissed from this action with prejudice.

**COUNT 8**

Norfleet states that Lawrence CC contains a complete general public library, and that

Defendants Walker, Benton, Ryker and Moran are aware of this. Despite this knowledge, Norfleet alleges that they have deprived him of full access to *all* materials contained in this library; instead, as an inmate in disciplinary segregation, he is only allowed access to the general library *reading* material.

The whole purpose of disciplinary segregation is to deprive an inmate of certain privileges as punishment for infraction of prison rules. The Court is not aware of any law that mandates full access to general library materials to anyone, let alone an inmate in disciplinary segregation.

Norfleet has failed to state a claim upon which relief may be granted, and Count 8 will be dismissed from this action with prejudice.

## COUNT 9

Norfleet alleges that Defendants Walker, Benton, Ryker and Moran deprived him of access to some of his personal mail. Specifically, he states that an unspecified piece of hard plastic was confiscated from his mail, and he was not allowed to see the item before it was returned.

Similar to Count 5, the only constitutional right that might be implicated by these facts is his right, under the Fourteenth Amendment, to be free from deprivations of his property by state actors without due process of law. As discussed above, Illinois provides an adequate post-deprivation remedy in an action for damages in the Illinois Court of Claims. Thus, Norfleet has failed to state a claim upon which relief may be granted, and Count 9 will be dismissed from this action with prejudice.

## COUNT 10

In June 2007, Norfleet was subjected to a disciplinary proceed in which he was punished with three months in segregation and three months at C-grade. He alleges that Defendants Goins

and Boling lied in the final Adjustment Committee Summary, and that Defendants Walker, Benton, Ryker and Moran upheld the findings of this unfair proceeding, in violation of his rights under the Fourteenth Amendment.

When a plaintiff brings an action under § 1983 for procedural due process violations, he must show that the state deprived him of a constitutionally protected interest in "life, liberty, or property" without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). An inmate has a due process liberty interest in being in the general prison population only if the conditions of his or her confinement impose "atypical and significant hardship...in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995).  The Seventh Circuit Court of Appeals has adopted an extremely stringent interpretation of *Sandin*.  In this Circuit, a prisoner in disciplinary segregation at a state prison has a liberty interest in remaining in the general prison population only if the conditions under which he or she is confined are substantially more restrictive than administrative segregation at the most secure prison in that state. *Wagner v. Hanks*, 128 F.3d 1173, 1175 (7th Cir. 1997).  If the inmate is housed at the most restrictive prison in the state, he or she must show that disciplinary segregation there is substantially more restrictive than administrative segregation at that prison. *Id.*  In the view of the Seventh Circuit Court of Appeals, after *Sandin* "the right to litigate disciplinary confinements has become vanishingly small." *Id.*  Indeed, "when the entire sanction is confinement in disciplinary segregation for a period that does not exceed the remaining term of the prisoner's incarceration, it is difficult to see how after *Sandin* it can be made the basis of a suit complaining about a deprivation of liberty." *Id.*

In this case, Norfleet was placed in disciplinary segregation for three months.  Nothing in the complaint or exhibits suggests that the conditions that he had to endure while in disciplinary

segregation were substantially more restrictive than administrative segregation in the most secure prison in the State of Illinois. Therefore, his due process claim is without merit, and Count 10 will be dismissed from this action with prejudice.

## COUNT 11

Norfleet's final claim is that the IDOC has possession of an unspecified sum of funds that was unconstitutionally seized from his account.

Similar to Counts 5 and 9, the only constitutional right that might be implicated by these facts is his right, under the Fourteenth Amendment, to be free from deprivations of his property by state actors without due process of law. As discussed above, Illinois provides an adequate post-deprivation remedy in an action for damages in the Illinois Court of Claims. Thus, Norfleet has failed to state a claim upon which relief may be granted, and Count 11 will be dismissed from this action with prejudice.

## OTHER DEFENDANTS

In his list of defendants, Norfleet included Maggie Brian. However, the Court can find no allegations made against Brian anywhere within the text of the complaint. According, Brian will be dismissed from this action with prejudice.

## DISPOSITION

**IT IS HEREBY ORDERED** that **COUNT 1, COUNT 2, COUNT 5, COUNT 6, COUNT 7, COUNT 8, COUNT 9, COUNT 10** and **COUNT 11** are **DISMISSED** from this action with prejudice.

**IT IS FURTHER ORDERED** that Defendants **BADER, BRIAN, MEDSKER, GOINS, BOLING, GAETZ, HENTON, PURDUE, CLARK** and **ROHR** are **DISMISSED** from this action

with prejudice.

Plaintiff is advised that, within the Seventh Circuit, dismissal of these claims and defendants count as a strike for purposes of § 1915(g). *See George v. Smith,* 507 F.3d 605, 607-08 (7th Cir. 2007); *Boriboune v. Berge,* 391 F.3d 852, 855 (7th Cir. 2004).

To clarify, **THE ONLY CLAIMS REMAINING** in this action are the **claims for prospective injunctive relief** in **COUNT 3** and **COUNT 4**.

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendants **BENTON, BLEDSOE, BOYD, BROWN, CAMPANELLA, FUNK, GRIFFIN, LOFTIN, McNeill, MORAN, RYKER, VAUGHN,** and **WALKER**. The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendants **BENTON, BLEDSOE, BOYD, BROWN, CAMPANELLA, FUNK, GRIFFIN, LOFTIN, McNEIL, MORAN, RYKER, VAUGHN,** and **WALKER** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure. Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order. For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of Illinois Department of Corrections who no longer can be found at the work address provided by Plaintiff, the Department of Corrections shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that

the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from I.D.O.C. pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the

Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is **ADVISED** of his continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts during the pendency of this action.  This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.  Failure to provide such notice may result in dismissal of this action.  *See* FED.R.CIV.P. 41(b).

**IT IS SO ORDERED.**

**Dated: December 11, 2009.**

                                                **s/ J. Phil Gilbert**
                                                **U. S. District Judge**