IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARC NORFLEET, #R-57214 ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL NO. 3:09-cv-347-JPG-PMF |
| ) | |
| ROGER E. WALKER, *et al.*, ) | |
| ) | |
| Defendants. ) | |

### ORDER PARTIALLY GRANTING PLAINTIFF'S MOTION TO RECONSIDER

**GILBERT, District Judge:**

On December 11, 2009, this court entered its Memorandum and Order (Doc. 11) dismissing several defendants, dismissing counts 1-2 and 5-11, dismissing the portions of counts 3 and 4 that sought damages, and allowing plaintiff's claims for preliminary injunctive relief in counts 3 and 4 to proceed. Plaintiff then sought an interlocutory appeal to the Seventh Circuit, which was dismissed on June 11, 2010, for lack of jurisdiction (Doc. 56).

Plaintiff filed his Motion for Reconsideration of Dismissed Damage Counts (Doc. 54) on May 26, 2010, and his Amended Motion for Reconsideration (Doc. 74) on December 7, 2010.

In his motion, Plaintiff argues that the U.S. Supreme Court in *U.S. v. Georgia*, 546 U.S. 151 (2006), recognized that an inmate may bring a private cause of action for damages pursuant to Title II of the Americans with Disabilities Act, if the state actor's conduct also violates the 8th Amendment, and this court therefore erred in dismissing his damage claims. The Supreme Court in *Georgia* held, "[I]nsofar as Title II creates a private cause of action for damages against the States for conduct that *actually* violates the Fourteenth Amendment, Title II validly abrogates state sovereign immunity." 546 U.S. at 159. The court observed:

> [I]t is quite plausible that the alleged deliberate refusal of prison officials to accommodate [Plaintiff]'s disability-related needs in such fundamentals as mobility, hygiene, medical care, and virtually all other prison programs constituted "exclu[sion] from participation in or ... deni[al of] the benefits of" the prison's "services, programs, or activities."  (citing 42 U.S.C. § 12132).

*Georgia*, 546 U.S. 151, 158.

This court's earlier Memorandum and Order (Doc. 11), ruled that Plaintiff's allegations in Counts 3 and 4, of unlawful deprivation of an attendant to help him with necessary daily activities including moving about within the prison, carrying his food tray and shower supplies, and deprivation of access to ADA-certified recreational equipment and the opportunity to be outside his cell on a basis equivalent to non-disabled inmates, sufficiently stated claims for potential injunctive relief.  However, this court ruled that under earlier Seventh Circuit precedent, Plaintiff must pursue his damage claims in state court.  Under the authority of *U.S. v. Georgia*, the court finds the damage claims raised by Plaintiff in connection with **COUNT 3** and **COUNT 4**, should not have been dismissed, and those claims are therefore **REINSTATED**.

Plaintiff argues that all of his claims for damages under the remaining counts should likewise be reinstated under the precedent of *Georgia*.  However, as this court ruled in its previous order, Plaintiff failed to state any 8th Amendment claims in any of those other counts.  Therefore, the *U.S. v. Georgia* decision does not compel reinstatement of those claims, and Plaintiff's request to reinstate the damage claims in **COUNT 1, COUNT 2, COUNT 5, COUNT 6, COUNT 7, COUNT 8, COUNT 9, COUNT 10**, and **COUNT 11** is **DENIED**.

Plaintiff further argues that the dismissal of a portion of his complaint should not count as a "strike" under § 1915(g).  Under the Seventh Circuit's recent decision in *Turley v. Gaetz*, 625 F.3d 1005, 1013 (7th Cir. 2010), plaintiff is correct, as that decision clarified that a petitioner

should only receive a strike if the entire complaint is dismissed as frivolous or malicious. As two counts of Plaintiff's complaint remain to be adjudicated after this court's initial review, the prior order is **MODIFIED** and Plaintiff shall not receive a strike for purposes of § 1915(g).

Finally, Plaintiff states in his motion that no ruling was made on his motion to appoint counsel (Doc. 74, p. 23). This court appointed counsel for Plaintiff on August 23, 2010, (Doc. 62) but then, before Plaintiff filed his Amended Motion to Reconsider, allowed appointed counsel to withdraw for personal reasons on November 1, 2010 (Doc. 72). The court then granted Plaintiff's Motion to Proceed Pro Se (Doc. 70), filed October 1, 2010, on January 4, 2011 (Doc. 77). As Plaintiff's most recent motion states his desire to proceed pro se at this stage of the case, the court **DENIES** the appointment of counsel at this time. However, Plaintiff is free to file another Motion for Appointment of Counsel should he desire the court to reconsider that issue.

**IT IS SO ORDERED.**

Dated:  1/24/2011

___s/ J. Phil Gilbert_____
U.S. District Judge