# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARC NORFLEET, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.: **3:09-cv-00347-JPG-PMF** |
| ) | |
| ROGER E. WALKER, *et al.* ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

This matter has been referred to United States Magistrate Judge Philip M. Frazier from United States District Judge J. Phil Gilbert pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation. Before the Court is Defendant Mary Baird Loftin's Motion to Dismiss Count 3 of Plaintiff's Complaint as to his Request for Injunctive Relief (Doc. 81) which has been construed by the Court as a Motion for Summary Judgment (Doc. 92). Plaintiff Marc Norfleet has filed a response to the motion (Doc. 124).

For the following reasons, it is **RECOMMENDED** that Defendant's Motion for Summary Judgment (Doc. 81) be **GRANTED**.

## BACKGROUND

Plaintiff Marc Norfleet ("Norfleet"), an inmate at Lawrence Correctional Facility ("Lawrence"), filed the complaint in this case on May 6, 2009 alleging civil rights violations by Lawrence prison officials and requesting declaratory, injunctive, and a prayer for punitive and compensatory damages relief (Doc. 1 at 17-23). The complaint originally included twenty-three defendants and eleven counts (Doc. 1). On December 11, 2009, the Court entered its

1

Memorandum and Order dismissing several defendants, dismissing counts 1-2 and 5-11, dismissing the portions of counts 3 and 4 that sought damages, and allowing plaintiff's claims for preliminary injunctive relief in counts 3 and 4 to proceed (Doc. 11). Defendant Mary Baird Loftin ("Loftin") filed the instant motion (Doc. 81) on January 10, 2011. On January 25, 2011, the Court issued an Order reinstating Norfleet's damage claims with respect to counts 3 and 4 (Doc. 86). Additionally, the Court has reserved ruling on Plaintiff's claim injunctive relief and set a hearing on that claim (Doc. 107), which is presently set for June 9, 2011 (Doc. 120).

## DISCUSSION

In the instant motion, Loftin argues only that the prayer for injunctive relief in count 3 of Norfleet's complaint should be dismissed (Doc. 81). Norfleet does not object that the prayer for injunctive relief be dismissed as to count 3 of the complaint against Loftin (Doc. 124).[1] In support of her motion, Loftin provides an affidavit that indicates she is no longer present at Lawrence, where Norfleet is currently incarcerated (Doc. 82). It is true that where there is no claimed continuing violation of federal law and no threat of prison officials violating the constitutional rights of the plaintiff in the future, injunctive relief is inappropriate. *See Green v. Mansour*, 474 U.S. 64, 73 (1985). Therefore, it is **RECOMMENDED** that Defendant Loftin's Motion for Summary Judgment be **GRANTED**. It is further **RECOMMENDED** that Plaintiff's

---

[1] Norfleet does object to a statement in Loftin's instant motion (Doc. 81) that based upon the pleadings, Norfleet has no existing claim against Loftin (Doc. 124). As outlined *supra*, the instant motion (Doc. 81) was filed before the Court reinstated Norfleet's damage claims with respect to counts 3 and 4 (Doc. 86). Therefore, the scope of this Order is restricted only to the narrow issue of Norfleet's prayer for injunctive relief with regard to count 3 of Norfleet's complaint.

prayer for injunctive relief in count 3 of Norfleet's complaint against Defendant Loftin be **DISMISSED**.[2]

## RECOMMENDATION

For the foregoing reasons, it is **RECOMMENDED** that Defendant Loftin's Motion for Summary Judgment be **GRANTED**.

It is further **RECOMMENDED** that Plaintiff's prayer for injunctive relief in count 3 of Norfleet's complaint against Defendant Loftin be **DISMISSED**.

**SO RECOMMENDED.**

**DATED: May 2, 2011.**

*/s/ Philip M. Frazier*
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] The undersigned Magistrate Judge recognizes that a hearing has been scheduled by the District Judge on Norfleet's injunctive relief claims. However, the issue in the instant motion can be resolved independent of that hearing.