UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

MARC NORFLEET,

    Plaintiff,

v.

ROGER E. WALKER, JR.,
*Director of IDOC, et al.*,

    Defendants.

Case No. 09-cv-347-JPG-PMF

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff Marc Norfleet's ("Norfleet") Response (Doc. 136) to the Court's Memorandum and Order (Doc. 135) of June 30, 2011.[1] Defendants filed a Reply (Doc. 138) thereto. This matter also comes before the Court on Defendants' Motion for Sanctions (Doc. 137), to which Norfleet filed a Response (Doc. 139). Finally, this matter comes before the Court on Norfleet's Motion to Inform (Doc. 141).

In his pending Motions for Preliminary Injunction (Docs. 59, 61), Norfleet prays for five hours of meaningful exercise per week. Norfleet states that this may be accomplished if Lawrence Correctional Center ("Lawrence") — where he was incarcerated at the time his motions were filed — obtains ADA-certified recreation

---

[1] Although Norfleet's response was filed on the docket sheet three days after the July 11 deadline, Doc. 135, p. 2, the Court deems it timely in light of the so-called "mailbox rule." The mailbox rule holds that a prisoner "files" a document when he turns it over to a prison official to be sent to the court. *Houston v. Lack*, 487 U.S. 266, 276 (1988).

equipment that can be used five hours per week or if Norfleet can be transferred to Dixon Correctional Center or Big Muddy River Correctional Center for five hours per week. Before the Court could hold a hearing to determine whether a corresponding injunction should issue, Norfleet was transferred from Lawrence to Menard Correctional Center ("Menard") on May 20 and 21, 2011.

Defendants believe Norfleet's recent transfer effectively moots the instant motions because "[n]one of the Defendants in this case work at, or currently control, anything that occurs at Menard Correctional Center." Doc. 138, p. 2., ¶ 2. Meanwhile, Norfleet believes that a preliminary injunction is still necessary. Norfleet maintains that Menard, just like Lawrence, lacks ADA-certified equipment. Norfleet also emphasizes that he is still not getting *any* exercise whatsoever. Doc. 136, p. 4 ("I've been without exercise going on 5 years."). This lack of exercise recently caused Norfleet to suffer a mild heart attack and has led to the deterioration of the joints in his shoulders and arms.

Defendants' mootness argument *nearly* carries the day. Indeed, those Defendants having no control over Menard cannot ensure that the prison obtains the sought equipment or that Norfleet receives the requested exercise. As such, those Defendants — Defendants Sherry Benton, Mary Loftin, Sandra Funk, and Edward McNeil — will be dismissed from Count IV insofar as it prays for injunctive relief. However, the same cannot be said for S.A. Godinez ("Godinez"), current Director of the Illinois Department

of Corrections ("IDOC").[2] Godinez and IDOC surely have the power to satisfy Norfleet's requests for relief. While the preliminary injunction motions target the conditions of Lawrence, the Court cannot ignore the allegation that the conditions of Lawrence and Menard are the same or that Norfleet's physical well-being continues to decline. Perhaps more importantly, it would be highly inequitable to deem Norfleet's request moot, lest IDOC and its employees could avoid injunctive liability by endlessly transferring Norfleet to prisons that have the *exact same* tangible conditions about which he complains.

Because there is a significant overlap between the preliminary injunction motions and Defendants' motion for sanctions — namely, Defendants request, *inter alia*, that Norfleet's ADA claims be stricken in their entirety — their merits shall be addressed contemporaneously. The same goes for Norfleet's motion to inform, which alleges that Defendants seized from Norfleet's cell all correspondence related to this case.

Being fully advised of the premises, especially the fact that Norfleet is currently unrepresented by counsel, the Court **ORDERS** that a telephone status conference be held on **August 16, 2011, at 9:00 a.m.** to preliminarily take up Norfleet's motions for

---

[2]While the Complaint (Doc. 1) technically names former IDOC director Roger Walker, Jr. ("Walker") as a defendant, Federal Rule of Civil Procedure 25(d) requires Godinez to be automatically substituted in his stead. ("An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party."). Accordingly, the Court **DIRECTS** the Clerk of Court to **TERMINATE** Walker as a defendant and **ADD** Godinez as a defendant in this case.

preliminary injunction and motion to inform and Defendants' motion for sanctions. Godinez is responsible for placing the call to all parties, including Norfleet, and the Court.

As a final aside, the Court reminds Norfleet that it is *his* burden to show why an injunction should issue. At the very least, Norfleet will need to make a threshold showing that (1) he has some likelihood of success on the merits, (2) no adequate remedy at law exists, and (3) he will suffer irreparable harm if the injunction is not granted. *Ferrell v. U.S. Dep't of Housing and Urban Dev.*, 186 F.3d 805, 811 (7th Cir. 1999). A review of the Court's Memorandum and Order (Doc. 107) of March 22, 2011, prior to the status conference would serve Norfleet well. Accordingly, the Court **DIRECTS** the Clerk of Court to send Norfleet a copy of that order with this memorandum and order.

**IT IS SO ORDERED.**
**DATED: August 1, 2011**

                                                s/ J. Phil Gilbert
                                                **J. PHIL GILBERT**
                                                **DISTRICT JUDGE**