IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MARC NORFLEET,

    Plaintiff,

vs.

SHERRY BENTON, DARWIN LEE RYKER,
CHRISTINE BOYD, MS. CAMPENELLA,
KENNETH BROWN, MARY B. LOFTIN, E.
GRIFFIN, CECIL VAUGHN, B. BLEDSOE,
PAMELA MORAN, SANDRA FUNK, EDWARD
MCNEIL, and S.A. GODINEZ,

    Defendants.

Case No. 09-cv-347-JPG

**MEMORANDUM AND ORDER**

This matter comes before the Court on defendants' motion for sanctions (Doc. 177) to which Norfleet has responded (Doc. 180).

1. **Facts**

Norfleet filed the instant civil rights complaint (Doc. 1) and a motion for leave to proceed *in forma pauperis* (Doc. 2) on May 6, 2009. In his May 6, 2009, motion to proceed *in forma pauperis* Norfleet represented to the Court that he had not received more than $200 from a list of categories including "[a]ny other sources." Doc. 2, p. 2. On January 8, 2010, Norfleet filed a motion for leave to appeal *in forma pauperis* in which he represented that he had not received income from any source within the last twelve months (Doc. 32).

Subsequent to his requests to proceed *in forma pauperis*, the Court discovered Norfleet had received a $26,000 settlement. The Court ordered Norfleet to show cause why this case should not be dismissed for failing to disclose the settlement funds in his *in forma pauperis* motions (Doc. 167). Norfleet's response to the Court's order to show cause indicated that he never had any control of the settlement funds because his mother paid the entire $26,000 to attorney Rex Anderegg (Doc. 171). The Court found Norfleet's response insufficient and ordered him to provide the affidavits of Anderegg and Norfleet's mother attesting to the disposition of the $26,000 settlement (Doc. 175).

Norfleet responded with affidavits from Anderegg and Norfleet's mother, Emma Anderson (Docs. 176, 176-1 & 176-2). Anderson confirmed that she received $26,000 from Norfleet which she deposited in her checking account. Anderson also confirmed that she initially provided Anderegg with a $15,000 retainer in 2009 and has paid Anderegg at least $22,000 to date. She also used some funds to purchase household items. Because the money was intermingled with her personal funds, she could not conclusively state that all of the funds were depleted; however, she believed the funds had been exhausted. Anderegg asserted he deposited Norfleet's retainer, which he received from Anderson, into his account on December 15, 2009 (Doc. 176-1). As of December 21, 2012, Anderegg received a total of $22,009 from Anderson for Anderegg's representation of Norfleet in a case pending in the Northern District of Illinois (Doc. 176-1).

**2. Analysis**

The Court will now consider whether dismissal of Norfleet's complaint is appropriate considering his $26,000 settlement and representations of indigency to this Court. If a court determines that a litigant's allegations of poverty are untrue, the Court must dismiss the case. 28 U.S.C. § 1915(e).

Although it is not clear exactly when Norfleet received the settlement funds, it appears that he did not have the funds when he filed his May 6, 2009, motion to proceed *in forma pauperis*. Thus, the Court cannot conclude that Norfleet's allegations of poverty were untrue on his first motion. It is clear from the affidavits that Norfleet's mother was in possession of the funds at the time he filed his January 8, 2010, motion to proceed on appeal *in forma pauperis*. From Anderegg's and Anderson's affidavits, the Court concludes that Norfleet received the proceeds of his settlement at least by December 15, 2009. At that time, Anderson distributed $15,000 of those funds to Anderegg for a retainer. Norfleet, however, failed to disclose those funds on his January 8, 2010, motion to proceed *in forma pauperis* and affirmatively represented to the Court that he had not received any funds in the last twelve months. The Court finds Norfleet's argument that he never had physical possession of the funds unpersuasive. His mother obviously distributed the funds at Norfleet's request. He thus had at least some control of those funds and a duty to report the receipt of those funds on his motion for leave to appeal *in forma pauperis*.

3. Conclusion

Accordingly, because the Court finds Norfleet's allegations of poverty on his January 8, 2010, motion to proceed *in forma pauperis* to be untrue, the Court **GRANTS** defendants' motion for sanctions (Doc. 177), **DISMISSES** this case, and **REVOKES** Norfleet's *in forma pauperis* status. The Court **ORDERS** Norfleet to pay the remaining balance of the filing fee on or before April 5, 2013. The Court further **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:**  March 22, 2013

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
