IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MARC NORFLEET,

    Plaintiff,

vs.

SHERRY BENTON, DARWIN LEE RYKER,
CHRISTINE BOYD, MS. CAMPENELLA,
KENNETH BROWN, MARY B. LOFTIN, E.
GRIFFIN, CECIL VAUGHN, B. BLEDSOE,
PAMELA MORAN, SANDRA FUNK, EDWARD
MCNEIL, and S.A. GODINEZ,

    Defendants.

Case No. 09-cv-347-JPG

**MEMORANDUM AND ORDER**

This matter comes before the Court on Norfleet's motion to amend judgment pursuant to Federal Rule of Civil Procedure 59(e) (Doc. 188). For the following reasons, the Court denies Norfleet's motion.

Under Rule 59(e), a court has the opportunity to consider newly discovered material evidence or intervening changes in the controlling law or to correct its own manifest errors of law or fact to avoid unnecessary appellate procedures. *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996); *see Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006). It "does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." *Moro*, 91 F.3d at 876. Rule 59(e) relief is only available if the movant clearly establishes one of the foregoing grounds for relief. *Harrington*, 433 F.3d at 546 (citing *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122 n. 3 (7th Cir. 2001)).

On March 22, 2013, this Court determined that Norfleet made misrepresentations on an *in forma pauperis* application and dismissed his case with prejudice.[1]  Specifically, the Court determined Norfleet failed to disclose a $26,000 settlement obtained in a separate case.  Norfleet instructed his attorney to send the proceeds of that settlement to Norfleet's mother because the Illinois Department of Corrections would have confiscated the funds if they were sent to Norfleet's inmate trust account.  Among other arguments, Norfleet argued that he never actually received the funds and thus he did not make a misrepresentation.

In the instant motion, Norfleet asks the Court to alter its judgment.  Norfleet continues to advance the argument that he did not actually receive the funds because they were sent to his mother.  The Court already considered this argument and found it unpersuasive for the reasons set forth in its March 22, 2013, order.  Norfleet has not established any of the grounds for relief under Federal Rule of Civil Procedure 59(e).

Accordingly, because Norfleet has failed to present any information to this Court warranting relief under Federal Rule of Civil Procedure 59(e), the Court **DENIES** his motion (Doc. 188).  The Court further **DENIES** defendants' motion to strike (Doc. 192) as moot.

**IT IS SO ORDERED.**

**DATED:**  May 16, 2013

> s/ J. Phil Gilbert
> **J. PHIL GILBERT**
> **DISTRICT JUDGE**

---

[1] When an untrue allegation of poverty is made on an *in forma pauperis* application, the judge has no choice but to dismiss the suit. *Thomas v. Gen. Motors Acceptance Corp.*, 288 F.3d 305 (7th Cir. 2002) (citing 28 U.S.C. § 1915(e)(2)(A)).  The Court has discretion to dismiss the case with prejudice as a sanction. *Thomas*, 288 F.3d at 306.